TANENBAUM COMPANY, SPRINKLER CONTRACTS, INC., Respondent, *v.* SIXTH AVENUE TWENTY-THIRD STREET CORPORATION, Appellant.

First Department, June 2, 1944.

*Monroe Goldwater* of counsel (*Maer I. Levey* with him on the brief; *A. Loeb Salkin*, attorney), for appellant.

*Mayer L. Halff* of counsel (*Alexander E. Cymrot* with him on the brief), for respondent.

CALLAHAN, J. This action is for breach of a contract under which defendant was to procure all of its fire insurance from plaintiff, and plaintiff was to furnish and maintain a sprinkler system and other fire protection in defendant's premises. The original agreement was entered into on June 25, 1914, and was extended from time to time. On October 5, 1938, it was extended for a period of five years, from January 31, 1939, to January 31, 1944. The contract required that defendant pay a uniform rate of 36 cents a $100 on all insurance coverage. Plaintiff actually expended a lesser rate for insurance premiums and retained the difference for the protective services which it rendered. Concededly the defendant breached the agreement by giving notice of cancellation on June 30, 1942. It attempted to justify this cancellation upon the claim that the contract had been rendered illegal by reason of amendments to the Insurance Law of this State which became effective January 1, 1940.

The former Insurance Law expressly provided against any charges by a broker above the legal rate of premiums paid to insurance companies, but stated that this limitation did not apply to a contract whereby the broker agreed to furnish sprinkler service. The new law (Insurance Law, § 129, effective January 1, 1940) provides that no insurance broker shall have the right to any compensation other than commissions deductible from premiums on insurance policies on account of the procurement of, or other services in connection with, any contract of insurance, unless such right to compensation is based upon a written memorandum signed by the party to be charged, and specifying or clearly defining the amount or extent of such compensation for services. The present contract contains no such specification.

At Special Term plaintiff moved for summary judgment striking out defendant's answer, which, in addition to the defense of illegality, contained a counterclaim for the return of premiums paid since the date of the amendment to the statute. Special Term dismissed the defense and counterclaim, and awarded plaintiff judgment on each of the three causes of action contained in the complaint. Defendant appeals.

Only questions of law are presented.

It is our view that the defense of illegality and the counterclaim based thereon were properly dismissed, and that, accordingly, plaintiff was entitled to judgment. We find, however, that, in the light of the contract between the parties, the amount of the judgment awarded plaintiff was excessive.

We conclude that the claim of illegality is without merit, because examination of the amendments to the Insurance Law (§§ 129, 185 and 188) relied on by defendant shows that they were wholly prospective in form and, therefore, it is clear that the Legislature did not intend that they apply to existing contracts. Having so concluded, it becomes unnecessary to consider the questions raised by the parties concerning the legislative right, under the present circumstances, to abrogate an existing contract under the police power.

The second question involved concerns the amount of plaintiff's recovery. The contract had one year and seven months to run on the date of cancellation. The "Fifteenth" paragraph of the contract provided for liquidated damages in case of breach, in the sum of $1,000 a year for each and every unexpired year of the term, "and at and after that rate for any portion of a year * * *." Special Term construed this to mean that plaintiff was entitled to $2,000 under its first

cause of action. We think that this clause required apportionment of the damages at the " rate " of $1,000 a year for the fraction of a year involved. Therefore, plaintiff was entitled to 1-7/12 times $1,000, or $1,583.33 liquidated damages under its first cause of action, and not the sum of $2,000 awarded. Use of the words " at and after that rate " would indicate an intention to require a ratable fixation of damages. The word " rate ", according to the Funk & Wagnalls New Standard Dictionary, where used as a noun, means " The measure of a thing " or " proportional or comparative amount or degree * * * ". It appears quite clear that if the parties intended that the $1,000 should be paid for each year or part of a year involved in a breach, they would have said: " $1,000 a year for each year or fraction thereof."

The final question concerns the right of plaintiff to recover under its second and third causes of action for certain installments of premiums due on three-year fire insurance policies furnished by plaintiff to defendant. The " Sixteenth " paragraph of the agreement between the parties reads: " Sixteenth: It is further specifically understood and agreed that no policy shall be effected by the party of the first part under this agreement for a period of more than one year except with the approval of the party of the second part; provided, however, that the party of the first part may effect policies for a longer period than one year upon condition that the party of the second part shall be entitled to pay each annual premium as and when the same would become due and payable if the policy had been effected for a year and renewed for successive periods of one year each, and provided further, that no policy shall be effected for a longer period than one year, the date of expiration of which shall extend beyond January 31st, 1925, except upon the express consent of the party of the second part."

As noted, the present contract was canceled on June 30, 1942. At that time defendant had in its possession three groups of fire insurance policies which had been delivered to it with its approval by the plaintiff about July 1, 1939, 1940 and 1941, respectively. All were three-year policies. One group was about to expire on the date of the cancellation of the contract. There is no issue as to defendant's liability for this group. The second group had one year to run on the date of the cancellation. Plaintiff sues in the second cause of action to recover one third of the premiums due on this group at the contract rate of 36 cents a $100. The third group had two years to run on the date of the cancellation. Plaintiff sues in the third cause

of action to recover one third of the premiums due at the same rate on this third group of policies. (It will be remembered that 36 cents a $100 was being paid for the sprinkler and other fire prevention services, as well as for insurance premiums. In fact, only 12½ cents of the 36 cents was actually being dispersed by plaintiff to insurance companies for premiums.)

Concededly plaintiff cannot recover under the second or third causes of action unless the sums claimed therein represented matured debts due on June 30, 1942. If the amounts claimed are merely damages due to breach of contract, then the provisions for liquidated damages cover them. Can it be said that there was any matured debt based on defendant's liability at the rate of 36 cents a $100 on the two groups of nonmatured policies for the year commencing July 1, 1942, in view of the cancellation of the contract on June 30, 1942, and considering the language used in the " Sixteenth " paragraph of the agreement? That paragraph says that three-year policies may be procured, but defendant shall " be entitled to pay each annual premium as and when the same would become due and payable if the policy had been effected for a year." What effect did the parties intend to be given to this clause insofar as it related to creating legal liability for debt? If policies had been effected for one year, then, of course, premiums would fall due each year. The contract referred to the annual payments as " annual premiums." What defendant was paying was a sum of money for services, as well as for insurance. While the amount to be paid was ascertained by using the face amounts of the insurance policies as a factor in computing such sums, this did not change the fact that the greater part of the payment was for services to be rendered. Plaintiff was permitted to take out three-year policies only with defendant's approval. Obtaining three-year policies was clearly for plaintiff's advantage. It realized any saving effected thereby. Under the circumstances we think that the parties intended the words: " be entitled to pay each annual premium as and when the same would become due and payable if the policy had been effected for a year " to mean that the defendant did not incur any indebtedness, except an annual indebtedness as each July first arrived. Otherwise defendant would be indebted for sprinkler services three years in advance of the rendition of said services merely because three-year insurance policies were delivered. It is our view, therefore, that plaintiff may not recover under the second or third causes of action on the theory of matured debt, and that those causes of action should be dismissed.

The judgment and order should be modified by reducing plaintiff's recovery to the sum of $1,583.33 on the first cause of action, and dismissing the second and third causes of action, and as so modified, affirmed, with costs to the appellant to be credited on the judgment.

TOWNLEY, GLENNON and COHN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Judgment and order modified by reducing plaintiff's recovery to the sum of $1,583.33 on the first cause of action, and dismissing the second and third causes of action, and as so modified, affirmed, with costs to the appellant to be credited on the judgment. Settle order on notice.